In the United States District Court
For the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Great Lakes Insurance SE f/k/a Great Lakes Reinsurance (UK) SE | § § § § | |
| Plaintiff, | § § | Case No. 1:21-cv-01005 |
| v. | § § | |
| AC VIP Marina, LLC | § § | |
| Defendant. | § § | |

## AC VIP Marina, LLC's
## Rule 12(b)(1) Motion to Dismiss

Pursuant to Rule 12(b)(1), Defendant AC VIP Marina LLC ("AC VIP") requests that the Court dismiss this dispute because it is not ripe. Great Lakes Insurance SE ("Great Lakes") seeks a declaratory judgment for a coverage determination under a marine liability insurance policy (the "Policy"). Great Lakes also claims that AC VIP breached the Policy for various reasons and so the policy is void. But Great Lakes does not allege that there has been any lawsuit filed or threatened.

## Background

This is a marine insurance coverage dispute. Great Lakes insured a vessel belonging to AC VIP. [Complaint at 6] Great Lakes alleges that a guest named Jonathan Yukabov was injured while the vessel was under charter on June 11, 2020.

{00316575.DOCX}

[*Id.* at 8] On October 20, 2020, Mr. Yukabov's counsel sent AC VIP a notice of a claim relating to the June 11, 2020 injury. [*Id.* at 9] AC VIP alleges that it investigated and ultimately denied the claim due to alleged non-disclosures in the policy application and based on various alleged "actions and omissions subsequent to the loss." [*Id.* at 1]

Great Lakes filed this lawsuit on November 30, 2021. AC VIP waived service and the parties ultimately agreed to an extension of AC VIP's answer date to March 23, 2022.

## Argument

### A. Legal Standard.

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)

A federal court may not issue a declaratory judgment unless there exists an "actual controversy," *i.e.*, there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (5th Cir. 1987)). "If the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))

**B.** **Great Lakes' declaratory judgment claim is not ripe because there is no underlying lawsuit or threatened lawsuit.**

There is no case or controversy here. Great Lakes' Complaint contains one allegation concerning a claim under the Policy: Great Lakes alleges that: "On or about October 20, 2020, Mr. Yukabov's counsel provided Defendant AC VIP Marina with a notice of his claim as a result of the foregoing incident." [Complaint at 9] A copy of the notice letter is attached as Exhibit 1. As far as AC VIP is aware,

the October 20, 2020 letter was the sole communication concerning the incident from Mr. Yukabov or his counsel.

Great Lakes goes on to allege that it investigated the claims and ultimately denied coverage. [Complaint at 15] The Complaint does not allege that Mr. Yukabov has filed a lawsuit, threatened to file a lawsuit, that Great Lakes has had settlement discussions with Mr. Yukabov, or that Mr. Yukabov or his counsel have done anything besides sending the October 20, 2020 notice letter.

This dispute is not ripe because Great Lakes faces no possible liability under the Policy until there is a lawsuit on file. The Policy provides:

> If a sum insured is shown under Section B of the insuring agreement declaration page, we provide coverage for any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel.
>
> We will settle or defend as we deem appropriate any claims or suits brought against you, using attorneys of our choice where we deem necessary. Our obligation to settle or defend all third party liability claims under this insuring agreement ends when the amount we pay for damages, investigation costs, legal expenses and removal of wreck equals the sum insured under this section of the insuring agreement.

[Ex. 2 at para. 4]

In *Union Ins. Co. v. Soleil Group, Inc.*, 465 F. Supp. 2d 567, 574 (D.S.C. 2006), the court held that the insurer's declaratory judgment concerning its duty to defend was not ripe because "no suit has been filed against the Soleil Group regarding exposure to Legionella bacteria. This court therefore cannot compare the

allegations in the complaint to the policy language in order to determine whether Plaintiff has a duty to defend the Soleil Group." In *Georgia American Ins. Co. v. Johnson*, 712 F. Supp. 530 (S.D. Miss. 1989), the court held that

> the Court finds that no suit has been filed in state court by the father, Mr. Johnson, Sr., against this defendant, Mr. Johnson, Jr. The Court finds no suit pending against the plaintiff in this action. It is only conjecture as to whether any suit will be filed and such renders this cause of action premature.

*Georgia Am. Ins. Co. v. Johnson*, 712 F. Supp. 530, 532 (S.D. Miss. 1989); *see also AMCO Ins. Co. v. W. Drug, Inc.*, 2008 WL 4368929, at *2 (D. Ariz. Sept. 24, 2008) ("This case does not meet the minimum criteria for an Article III case or controversy because the filing of a suit appears unlikely and settlement negotiations are not ongoing.").

Other courts hold that the absence of an underlying lawsuit is not a *per se* barrier to a declaratory judgment. However, these cases typically involve a much clearer threat of litigation. For example, the court in *Aetna Cas & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992), the court cited a "a clear demand for payment of defense and indemnity costs." In *Icarom, PLC v. Howard County, Md.*, 904 F. Supp. 454, 458 (D. Md. 1995), the court cited the fact that "several off-site residents have already instituted claims against Howard County. In fact, according to Howard County's July 11, 1994, letter to Icarom, the process of negotiating settlements with seven aggrieved landowners has already begun." Great

Lakes' Complaint does not contain any allegations concerning a threatened lawsuit, on going settlement negotiations, or anything else other than the notice letter.

## Conclusion

AC VIP respectfully requests that the Court grant the motion and dismiss Great Lake's claims because of lack of subject-matter jurisdiction.

Dated: March 23, 2022

Respectfully submitted,

*/s/ John B. Thomas*
**John B. Thomas** (Attorney-in-Charge)
Texas Bar No. 19856150
Federal Bar No. 10675
jthomas@hicks-thomas.com
**Hicks Thomas LLP**
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Counsel for Defendant**
**AC VIP Marina, LLC**

## Certificate of Service

  I hereby certify that a true and correct copy of the foregoing instrument has been served this 23rd day of March, 2022 to the parties listed below either via electronic means as listed on the Court's ECF noticing system, or via United States First Class Mail, postage prepaid.

  Timothy W. Strickland
  **Kean Miller, LLP**
  711 Louisiana, Suite 1800
  Houston, TX 77002
  Tim.strickland@kenamiller.com

            */s/ John B. Thomas*
            John B. Thomas