IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Great Lakes Insurance SE f/k/a Great Lakes Reinsurance (UK) SE | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 1:21-cv-01005 |
| AC VIP Marina, LLC | § § § | |
| *Defendant*. | § § | |

**AC VIP MARINA, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS**

Defendant AC VIP Marina, LLC files this Original Answer to Plaintiff's First Amended Complaint and Request for Declaratory Judgment, and responds to Plaintiff's allegations as follows:

**Response to Plaintiff's Allegations**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Defendant admits the allegations in paragraph 2.

3.      Whether the Complaint asserts an admiralty and maritime claim, and whether this Court has admiralty jurisdiction, are questions of law that do not require a responsive pleading. Defendant admits that Plaintiff's Complaint seeks a declaratory judgment, as alleged in paragraph 3.

{00325377.DOCX}

4.      Defendant admits that venue is proper in this district, as alleged in paragraph 4.

5.      Defendant admits the allegations in paragraph 5, except Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff relied on representations or information provided by Defendant in issuing and renewing the policy at issue.

6.      Defendant admits the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8, insofar as they purport to describe the allegations in a lawsuit filed by Jonathan Yakubov. Defendant otherwise denies the allegations in paragraph 8.

9.      Defendant admits it received a letter from Yakubov's counsel on or about October 20, 2020. Defendant otherwise denies the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant admits that Plaintiff sent a denial of coverage to Defendant on or about November 2, 2021, which document speaks for itself. Defendant admits that the November 2, 2021 letter includes the statements described in paragraph 15. Defendant further admits that Plaintiff tendered a refund of one-year's premiums. Defendant otherwise denies the allegations in paragraph 15.

16.     Defendant admits the allegations in paragraph 16.

17.     Paragraph 17 does not require a responsive pleading.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

## Affirmative Defenses

22.     Plaintiff has waived or is estopped to assert the defenses to coverage it seeks to assert in this action.

23.     Defendant denies that the provisions of the policy that Plaintiff claims Defendant breached or failed to comply with are condition precedent to coverage.

24.     Defendant denies that it materially breached the policy or that Plaintiff was prejudiced by Defendant's alleged violations of the terms of the policy.

## Prayer

AC VIP respectfully requests that the Court deny all relief sought by Plaintiff, enter a take-nothing judgment, award AC VIP its costs and expenses, and grant AC VIP all other relief to which it is entitled.

## Counterclaim

Counterclaim Plaintiff AC VIP Marina, LLC ("VIP Marina") files this counterclaim against Great Lakes Insurance SE f/k/a Great Lakes Reinsurance (UK) SE ("Great Lakes") for damages due to Great Lakes' breach of its duty to defend.

## Parties

1.      VIP Marina is a limited liability company with its principal place of business in Texas.

2.      Great Lakes is a German entity with its principal place of business in Germany. Great Lakes filed this lawsuit and has therefore consented to jurisdiction in this Court.

## Jurisdiction and Venue

3.      The Court has admiralty jurisdiction because this case involves a maritime insurance contract.

4.      Venue is proper in this District because of the forum selection clause in the applicably Policy and because all or a substantial part of the events or omissions giving rise to the claims in this litigation occurred in this District.

**Background**

5.      Great Lakes and VIP Marina are parties to a 2020 Commercial Yacht Insuring Agreement. Under Coverage B, Great Lakes agreed to insure VIP Marina for "any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel."

6.      The Policy further provides: "We will settle or defend as we deem appropriate any claims or suits brought against you, using attorneys of our choice where we deem necessary. Our obligation to settle or defend all third party liability claims under this insuring agreement ends when the amount we pay for damages, investigation costs, legal expenses and removal of wreck equals the sum insured under this section of the insuring agreement."

7.      The vessel BAHAMA MAMA was a Scheduled Vessel.

8.      The Policy includes several exclusions, none of which are applicable here.

9.      On or around July 11, 2020, Mr. Yakubov allegedly sustained an injury in an incident involving the BAHAMA MAMA. Attached as **Exhibit A** is a true and correct copy of the Original Petition filed by Mr. Yakubov against VIP Marina. VIP Marina denies liability in all respects as to the allegation in **Exhibit A**.

10.      The allegations in **Exhibit A** unambiguously fall within the scope of the Policy.

11.     Great Lakes has declined coverage and denied that it has duties to defend or indemnify VIP Marina.

12.     Great Lakes offers a number of excuses for failing to honor the Policy. Each excuse lacks merit and Great Lakes has no valid basis for breaching the Policy.

13.     VIP Marina has complied with all conditions precedent.

## Causes of Action

### Breach of Contract – Duty to Defend

14.     VIP Marina incorporates the allegations from paragraphs 1-13.

15.     The Policy is a valid contract.

16.     VIP Marina performed its obligations under the Policy.

17.     The claims in **Exhibit A** fall within the scope of the Policy and no exclusions apply.

18.     Great Lakes has denied its duty to defend VIP Marina.

19.     VIP Marina has suffered and will continue to suffer damages in the form of attorney's fees, court costs, expert witness fees in the underlying action.

20.     In addition, VIP Marina is entitled all costs it incurs defending this action. *See U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004] (an insured who is cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, and who prevails on the

merits, may recover attorneys' fees incurred in defending against the insurers' action).

21.     VIP Marina also seeks recovery of all damages that are the natural and probable consequences of Great Lakes' breach of its duty to defend.

## Prayer

VIP Marina prays for the following:

(a)     Damages that are the natural and probable consequences of Great Lakes' breach of its duty to defend, including attorney's fees, court costs, and expert witness costs;

(b)     Recover of its costs in this action, including attorney's fees, court costs, and expert witness costs;

(c)     Pre- and post-judgment interest;

(d)     All other relief the Court deems appropriate.

Dated:  September 2, 2022             Respectfully submitted,

*/s/ John B. Thomas*
**John B. Thomas** (Attorney-in-Charge)
Texas Bar No. 19856150
Federal Bar No. 10675
jthomas@hicks-thomas.com
**Hicks Thomas LLP**
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Counsel for Defendant**
**AC VIP Marina, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served this 2nd day of September 2022 to the parties listed below either via electronic means as listed on the Court's ECF noticing system, or via United States First Class Mail, postage prepaid.

Timothy W. Strickland
**Kean Miller, LLP**
711 Louisiana, Suite 1800
Houston, TX 77002
Tim.strickland@kenamiller.com


*/s/ John B. Thomas*
John B. Thomas